IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CARLOS RESTREPO, individually and on behalf of similarly situated individuals** § § § § § **Plaintiff,** § v. § § § § **BCFS and KRUCIAL STAFFING, LLC** § § § **Defendants.** § | **CIVIL ACTION NO. 5:22-cv-00233** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**ORIGINAL COMPLAINT**

1. BCFS and Krucial Staffing, LLC (collectively referred to as "Defendants") failed to pay Carlos Restrepo ("Restrepo" or "Plaintiff"), and other Health Care Workers like him, overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Defendants deployed Health Care Workers like Restrepo to disaster areas as part of relief efforts. As a result, the Restrepo and members of this class had to travel away from their home communities and stay overnight in hotels.

3. Defendants did not pay Restrepo and other Health Care Workers for attending daily briefings held by BCFS and for time spent traveling to disaster relief sites, during normal working hours away from their home communities.

4. Plaintiff, Carlos Restrepo, himself and on behalf of all others similarly situated as collective representatives, by their attorney, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

5. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

6. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because BCFS conducts substantial business in this District, sending Plaintiff and Health Care Workers to perform work in this District while subjecting them to BCFS's improper and illegal payroll practices.

## PARTIES

8. Plaintiff Carlos Restrepo was employed by Defendants as an hourly employee. Restrepo is domiciled in Texas and performed work out in different cities and states for Defendants as a Health Care Worker.

9. Plaintiff Restrepo's written consent to this action is attached. (Exhibit "A").

10. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

11. Restrepo brings this action on behalf of similarly situated individuals who were employed by Defendants as EMT-Basic/Certified Nursing Assistants ("EMT-B/CNA"), Epidemiologists, EMT-Paramedic ("EMT-P"), Licensed Vocation Nurse/Practical Nurses ("LVN/LPN"), Pharmacy Techs ("PhaT"), Registered Nurses ("RN"), Respiratory Therapists "RRT"), Charge Nurses (Charge RN"), Chief Nursing Officers ("CNO"), and Physician Assistant/Nurse Practitioners ("PA/NP") (collectively referred to as "Health Care Workers") who

were not paid for attending daily BCFS briefings and for time spent traveling on overnight business trips to and from their home town.

12. Defendant BCFS is a Texas non-profit corporation having a registered agent for service of process through Kevin C. Dinnin at 1506 Bexar Crossing, San Antonio, Texas 78232.

13. Defendant Krucial Staffing, LLC is a Kansas LTD liability company having a registered agent for service of process through Spenserv, Inc. at 2200 Ross Avenue, Suite 4800 West, Dallas, Texas 75201.

14. BCFS and Krucial Staffing, LLC, employed and/or jointly employed Restrepo and the Hourly Workers.

15. BCFS and Krucial Staffing, LLC, are joint employers for purposes of the FLSA. See 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

16. During the three-year period before this lawsuit until today, Defendants are both an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

17. Defendants had employees engaged in commerce and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

18. Defendants have an annual gross volume of sales made or business is done of not less than $500,000.00 (exclusive of excise taxes at the retail level that is separately stated).

19. Defendants' Health Care Workers routinely use gloves, N95 face masks, hair covering, tongue depressors, scrubs, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate

commerce. The stethoscope, blood pressure monitor, Blood oxygen monitor, and thermometers that the Health Care Workers use at the hospitals were produced for or traveled in interstate commerce from other states.

20. At all times hereinafter mentioned, Restrepo and the Health Care Workers were engaged in commerce or the production of goods for commerce per 29 U.S.C. §§ 206-207.

21. As will be shown through this litigation, Defendants uniformly dictated the pay practices of Restrepo and the Health Care Workers.

## FACTS

22. Defendant, BCFS, "is a global system of health and human services non-profit organization with locations and programs throughout the U.S. as well as Eastern Europe, Latin America, Southeast Asia, and Africa." https://bcfs.net/

23. Defendant, Krucial Staffing, LLC ("Krucial") is a staffing firm that "offers placement solutions including contract travel nursing, temporary to permanent staffing…" https://www.krucialstaffing.com/service/healthcare-staffing

24. In each of the past three (3) years, BCFS's gross revenue has exceeded $500,000.00.

25. In each of the past three (3) years, Krucial's gross revenue has exceeded $500,000.00.

26. Defendants' practice of failing to pay Plaintiff and other Health Care Workers time-and-a-half rate for hours in excess of forty (40) per workweek at the required minimum overtime rate violates the FLSA. 29 U.S.C. § 207.

27. BCFS Health and Human Services Emergency Management Division (EMD), is a non-profit partner of federal, state, and local government and private industry, specializes in emergency management, incident management, public health, and medical disaster response, mass care, mass

fatality management, medical sheltering and planning for vulnerable populations. https://bcfsemd.org/

28. BCFS contracts with local, state, and federal government agencies to provide health and human services throughout the world. https://bcfs.net/government-partners

29. BCFS provides "medical and health care services...around the world." https://bcfs.net/

30. BCFS is a Federal Contractor and received Federal funds to pay Restrepo and the Health Care Workers in the last 3 years.

31. Krucial is a Federal Subcontractor and received Federal funds to pay Restrepo and the Health Care Workers in the last 3 years.

32. As Federal contractors and subcontractors, Defendants were aware that they were required by law and/or their service contracts to pay overtime pay on all employees who worked on a federal contract.

33. "In March 2020, the state of Louisiana awarded Texas-based BCFS Health and Human Services a $145 million contract to manage field hospitals set up for Covid-19 patients, according to state records. Krucial subcontracts with BCFS, supplying some of the nurses on assignments like this one." https://inthesetimes.com/article/travel-nursing-deploy-to-new-orleans-with-krucial-staffing

34. Plaintiff and Health Care Workers were employed by Defendants as part of one or more Federal contracts.

35. For purposes of this action, the "relevant time period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

36. Defendant Krucial had contractual arrangements with Defendant BCFS where Krucial would provide health care workers for BCFS.

37. During the relevant time period, Defendants employed dozens of individuals – including Restrepo – as Health Care Workers at various hospitals in Louisiana after Hurricane Laura and in Texas during the Covid Pandemic.

38. Defendant Krucial entered into employment contracts with Restrepo and Health Care Workers where they would be paid by the hour.

39. Defendants paid Restrepo and Health Care Workers on an hourly rate basis during the relevant time period. These workers are commonly referred to as "Travel Nurses" or "Travel Paramedics".

40. The other employees similarly situated individuals, or Health Care Workers are the employees who worked for Defendants in the last three years on assignments in Louisiana and Texas.

41. Defendants only counted the hours Restrepo, and Health Care Workers worked at their designated job sites as compensable hours.

42. Defendants employed Restrepo and the Health Care Workers in 12-hour shifts for five to six days a week.

**Overnight Out of Town Travel**

43. Health Care Workers typically work at least forty (40) hours per workweek. Health Care Workers typically worked multiple day shifts away from their home communities. Because the worksites were away from their home communities, Health Care Workers typically stayed overnight in hotels during the scheduled work shifts.

44. Health Care Workers spent most of the day before and after their shifts driving hundreds of miles to and from the job sites. This travel cut across Health Care Worker's normal working hours during both regular working days and non-working days.

45. Defendants did not count time spent traveling as hours worked for purposes of determining overtime eligibility. Consequently, Defendants failed to pay proper wages, including overtime wages to Plaintiff and other similarly situated individuals.

46. At all material times, Defendants willfully deprived Health Care Workers of proper wages, including overtime wages.

47. Defendants knew that Health Care Workers were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to job sites.

**Participate in Briefings off the Clock**

48. During the last three (3) years, Defendants required Plaintiff and Health Care Workers to attend BCFS briefings in person before they were allowed to clock in for work.

49. In November of 2020, there was a policy change, and Defendants required Plaintiff and Health Care Workers to view the BCFS Briefings after their shifts.

50. Nonetheless, BCFS and Krucial did not count the time that Restrepo and the Health Care Workers spent each day attending BCFS briefing in the weeks they worked in excess of forty (40) in a workweek.

51. While the precise job duties of the Health Care Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. For example, in the week of October 23, 2020, Restrepo worked 72 hours.

52. Restrepo and all Health Care Workers are entitled to overtime pay in the weeks they worked over 40 hours a week.

53. Defendants knew that Restrepo and the Health Care Workers work more than forty (40) hours in a workweek.

54. Defendants know their Health Care Workers are not exempt from the overtime provisions of the FLSA.

55. At all times relevant to this action, BCFS and Krucial have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

56. Based on reasonable belief, during the relevant period, Defendant BCFS had the power to hire Plaintiff and other employees similarly situated.

57. During the relevant period, Defendant BCFS had the power to fire Plaintiff and other employees similarly situated.

58. Based on reasonable belief, during the relevant period, Defendant BCFS supervised and controlled the work schedules of Plaintiff and other employees similarly situated.

59. Based on reasonable belief, during the relevant period, Defendant BCFS supervised and controlled the conditions of employment of Plaintiff and other employees similarly situated.

60. Based on reasonable belief, during the relevant period, Defendant BCFS determined the rate and method of payment of Plaintiff and other employees similarly situated.

61. Based on reasonable belief, during the relevant period, Defendant BCFS maintained the employment records of Plaintiff and other employees similarly situated.

62. Based on reasonable belief, during the relevant period, Defendant BCFS controlled the hospital scrubs and uniform Plaintiff and other employees similarly situated wore.

63. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

64. Defendants did not make, keep or preserve accurate records of the hours worked by Plaintiff and similarly situated individuals.

65. Defendants' unlawful conduct has been widespread, repeated, and consistent.

66. Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and Health Care Workers.

## I. CAUSE OF ACTION

### A. VIOLATION OF THE FLSA

67. By failing to pay Restrepo and the Health Care Workers overtime at one and one-half times their regular rates for all hours they worked in excess of 40 hours in a single workweek, Defendants violated the FLSA's overtime provisions.

68. Defendants owe Restrepo and the Health Care Workers the overtime hours in the weeks they worked over 40 hours, but were not paid for attending BCFS briefings and time spent traveling as hours worked for purposes of determining overtime eligibility. Consequently, Defendant failed to pay proper wages, including overtime wages to Plaintiff and other similarly situated individuals.

69. Because Defendants knew, should have known, or have shown reckless disregard for whether its pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

70. Defendants' failure to pay overtime to Restrepo and the Health Care Workers was not reasonable, nor was the decision made in good faith.

71. Restrepo and the Health Care Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action, as provided by the FLSA.

## COLLECTIVE ALLEGATIONS

72. Restrepo brings this claim under Section 216(b) of the FLSA as a collective action on behalf of himself and all other similarly situated workers who worked for BCFS during the relevant period.

73. The class is described as:

"All persons who Defendants employed or employ as non-exempt hourly employees who have not been paid at an overtime rate for time spent attending BCFS Briefing or traveling to job sites in which an overnight stay is required when such travel resulted in a workweek in excess of 40 hours at any time during the three years preceding the filing of this action. ("Health Care Workers") These individuals are all persons who worked in Texas or Louisiana as EMT-Basic/Certified Nursing Assistants, Epidemiologists, EMT-Paramedic, Licensed Vocation Nurse/Practical Nurses, Pharmacy Techs, Registered Nurses, Respiratory Therapists, Charge Nurses, Chief Nursing Officers, and Physician Assistant/Nurse Practitioners."

74. The same policy that caused Restrepo to be denied his overtime pay resulted in Defendants' other Health Care Workers also being denied their overtime pay.

75. While the precise job duties performed by the Health Care Workers might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

76. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying Health Care Workers overtime is legal.

77. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

78. Because Defendants uniformly failed to pay overtime to Plaintiff and the Health Care Workers are similarly situated within the meaning of 29 U.S.C. § 216(b).

79. Upon information and belief, Defendants employed numerous Health Care Workers like Restrepo in Texas and Louisiana during the past three (3) years.

80. Nearly all the questions related to Plaintiff and the Health Care Workers can be answered on a collective basis.

81. Defendants' practice of refusing to count the time Restrepo and the Health Care Workers spent attending BCFS Briefings as compensable time in the weeks they worked over 40 hours a week is based on established companywide policies.

82. The hours Restrepo and the Health Care Workers spend attending BCFS Briefing are reflected in Defendants' attendance records and communications.

83. For the purposes of an FLSA overtime claim, the Health Care Workers performed substantially similar job duties in providing patient care at hospitals.

84. All of the Health Care Workers perform the same or similar job duties and are subject to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

85. The Health Care Workers also worked similar hours and were denied overtime at the proper rate for all hours worked in excess of 40 hours in a single workweek as a result of Defendants' same illegal pay practice.

86. Defendants knew Restrepo and the Health Care Workers worked more than 40 hours in a week.

87. Defendants required Restrepo and the Health Care Workers to work substantial overtime without overtime compensation at the proper rate for all hours they worked in excess of 40 hours in a single workweek.

88. Defendants' policy of failing to pay their Health Care Workers, including Restrepo, overtime at a rate of one and one-half their regular rates for all hours worked in excess of 40 hours in a single workweek violates the FLSA.

89. Defendants knew or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

90. The most important questions presented in this case can be resolved on a collective-wide basis.

91. Absent a collective action, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

92. Furthermore, individual litigation would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

## PRAYER

WHEREFORE, Carlos Restrepo prays for relief as follows:

94. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

95. Judgment against Defendants, awarding Plaintiff and the other Health Care Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

96. Pre- and post-judgment interest at the highest rate allowable by law; and

97. All such other and further relief to which Plaintiff and the other Health Care Workers may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Phone: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**