IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS RESTREPO, *individually and on behalf of similarly situated individuals*,<br><br>Plaintiff,<br><br>vs.<br><br>BCFS and KRUCIAL STAFFING, LLC,<br><br>Defendants. | Civil Action No. 5:22-cv-00233-FB |

**DEFENDANT KRUCIAL STAFFING, LLC'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Krucial Staffing, LLC ("Defendant" or "Krucial") files its Amended Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Complaint"), and would respectfully show the Court the following, the paragraphs below being numbered to correspond to the paragraphs contained in Plaintiffs' First Amended Complaint:

1. Defendant denies the allegations of Paragraph 1 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Krucial is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

2. Defendant admits that Restrepo accepted work from Defendant that was not in the community in which he lived. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning BCFS, "Health Care Workers," and "members of this class" and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Krucial is without knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

4. Paragraph 4 of the Complaint, an introductory statement, is not an allegation of fact, and therefore no response is required. To the extent a response is required, Defendant denies the allegations.

5. Defendant admits that Plaintiff claims the specified relief in this lawsuit, but denies that Plaintiff is entitled to any such relief and otherwise denies the allegations of Paragraph 5.

6. Defendant admits that this Court has subject matter jurisdiction over this case.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies those allegations.

8. Defendant admits that Plaintiff was employed by Defendant as an hourly employee and performed work for Defendant in more than one city and/or state. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's domicile or allegations concerning BCFS and therefore denies those allegations. Defendant denies each remaining allegation of Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies those allegations.

10. Defendant admits that while employed by Defendant, Plaintiff's employment was subject to the Fair Labor Standards Act. Defendant denies the remaining allegations of Paragraph 10 not admitted herein.

11. Defendant admits that Plaintiff purports to bring this matter as a collective action pursuant to the Fair Labor Standards Act. Defendant denies the remaining allegations of

Paragraph 11 not admitted herein. To the extent the allegations in Paragraph 11 refer to BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 12, and therefore denies the allegations.

13. Defendant admits that it is a Kansas Limited Liability Company. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits it employed Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

15. Paragraph 15 calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 15.

16. Defendant admits that it is an employer within the meaning of the Fair Labor Standards Act, and that it employed Plaintiff for a period of time. To the extent the allegations of Paragraph 16 refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Defendant denies the remaining allegations of Paragraph 16.

17. To the extent the allegations of Paragraph 17 refer to Defendant, Defendant admits those allegations. To the extent the allegations of Paragraph 17 refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

18. To the extent the allegations of Paragraph 18 refer to Defendant, Defendant admits those allegations. To the extent the allegations of Paragraph 18 refer to defendant BCFS,

Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20. Paragraph 20 calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Answering Paragraph 22, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

23. Defendant admits the allegations of Paragraph 23.

24. Answering Paragraph 24, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26 insofar as they refer to Defendant Krucial. To extent the allegations refer to Defendant BCFS, Krucial is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

27. Answering Paragraph 27, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

28. Answering Paragraph 28, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

29. Answering Paragraph 29, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

30. Answering Paragraph 30, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32 insofar as they refer to Defendant Krucial. To the extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

33. Defendant admits that it contracts with BCFS to supply nurses on assignments. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and therefore denies those allegations.

34. Defendant denies the allegations of Paragraph 34 insofar as they refer to Defendant Krucial. To the extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

35. Defendant denies the allegations of Paragraph 35 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Krucial is without

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

36. Defendant admits that it had contractual arrangements with BCFS but denies the remaining allegations of Paragraph 36.

37. Defendant admits that during certain parts of the "relevant time period" Defendant employed Restrepo and others in Louisiana after Hurricane Laura and in Texas during the Covid Pandemic. To extent the allegations refer to defendant BCFS, Krucial is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 37.

38. Defendant admits that Plaintiff was paid by the hour. Defendant denies the remaining allegations of Paragraph 38.

39. Defendant admits that it paid Plaintiff on an hourly basis when he was employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and therefore denies those allegations.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41. To the extent this allegation refers to BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

42. Defendant admits that, while employed by Defendant, Plaintiff worked shifts of approximately 12 hours and worked 5 to 6 days per week. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations to the extent they refer to defendant BCFS, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies those allegations.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies those allegations.

45. Defendant denies the allegations of Paragraph 45 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

46. Defendant denies the allegations of Paragraph 46 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

47. Defendant denies the allegations of Paragraph 47 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

48. Defendant denies the allegations of Paragraph 48 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

49. Defendant denies the allegations of Paragraph 49 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

50. Defendant denies the allegations of Paragraph 50 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

51. Defendant admits the allegation that Plaintiff worked 72 hours in the week beginning October 23, 2020, and further states that Plaintiff received 32 hours of overtime pay for that week. Defendant denies the remaining allegations of Paragraph 51.

52. Defendant admits that while Plaintiff worked for Defendant, he was entitled to overtime pay for weeks in which he worked more than 40 hours, and further states that he did receive such overtime pay. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies those allegations.

53. Defendant admits that it knew Plaintiff worked more than 40 hours in some workweeks while he worked for Defendant, and further states that he was paid overtime for those hours over 40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies those allegations.

54. Defendant admits that it knew Plaintiff was not exempt from the overtime provisions of the FLSA while he worked for Defendant, and further states that he was paid overtime. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 and therefore denies those allegations.

55. Defendant admits that, during the weeks Plaintiff was employed by Defendant, Defendant was subject to the Fair Labor Standards Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55, and therefore denies those allegations.

56. Answering Paragraph 56, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

57. Answering Paragraph 57, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

58. Answering Paragraph 58, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

59. Answering Paragraph 59, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

60. Answering Paragraph 60, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

61. Answering Paragraph 61, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

62. Answering Paragraph 62, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

63. Paragraph 63 calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 63.

64. Defendant denies the allegations of Paragraph 64 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

65. Defendant denies the allegations of Paragraph 65 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

66. Defendant denies the allegations of Paragraph 66 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

67. Defendant denies the allegations of Paragraph 67 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

68. Defendant denies the allegations of Paragraph 68 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

69. Defendant denies the allegations of Paragraph 69 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

70. Defendant denies the allegations of Paragraph 70 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant admits that Plaintiff claims to be entitled to relief under the statute cited, but denies that Plaintiff is entitled to any relief, denies that the matter is appropriate for treatment as a collective action, and denies the remaining allegations of Paragraph 72.

73. Defendant denies that this claim is appropriate for treatment as a collective action and denies that the proposed class description is appropriate.

74. Defendant denies the allegations of Paragraph 74 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77 in that there are no "members" of an "FLSA Collective."

78. Defendant denies the allegations of Paragraph 78 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

79. Defendant admits it employed Plaintiff and others in Texas and Louisiana during some of the three years prior to the filing of this lawsuit. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning BCFS and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

81. Defendant denies the allegations of Paragraph 81 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

82. Defendant denies the allegations of Paragraph 82 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

85. Defendant denies the allegations of Paragraph 85 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

86. Defendant admits that it knew Plaintiff worked more than 40 hours in some workweeks while he worked for Defendant, and further states that he was paid overtime for those hours over 40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and therefore denies those allegations.

87. Defendant denies the allegations of Paragraph 87 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

88. Defendant denies the allegations of Paragraph 88 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

89. Defendant denies the allegations of Paragraph 89 insofar as they refer to Defendant Krucial. To extent the allegations refer to defendant BCFS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

90. Defendant denies the allegations of Paragraph 90.

91. Defendant denies the allegations of Paragraph 91.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant denies the allegations of Paragraph 93.

94. Plaintiff has numbered the paragraphs in his Prayer for Relief. To the extent an answer is required to this numbered request for relief, Defendant denies that Plaintiff is entitled to any relief, including the specific relief identified in this Paragraph 94.

95. Plaintiff has numbered the paragraphs in his Prayer for Relief. To the extent an answer is required to this numbered request for relief, Defendant denies that Plaintiff is entitled to any relief, including the specific relief identified in this Paragraph 95.

96. Plaintiff has numbered the paragraphs in his Prayer for Relief. To the extent an answer is required to this numbered request for relief, Defendant denies that Plaintiff is entitled to any relief, including the specific relief identified in this Paragraph 96.

97. Plaintiff has numbered the paragraphs in his Prayer for Relief. To the extent an answer is required to this numbered request for relief, Defendant denies that Plaintiff is entitled to any relief, including the specific relief identified in this Paragraph 97.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Further answering Plaintiff's First Amended Complaint, Defendant denies each and every allegation contained therein which has not been specifically admitted herein.

2. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff fails to state a claim upon which relief may be granted.

3. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff's claims are barred or limited by the applicable statutes of limitation or repose.

4. Further answering Plaintiff's First Amended Complaint, Defendant states that this Court does not, or may not, have general or specific personal jurisdiction of putative class members outside the state of Texas, and therefore Defendant reserves the right to raise this

jurisdictional issue with respect to any non-Texas workers Plaintiff purports to include in this action.

5. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff has not pleaded an adequate basis for collective action certification pursuant to the Fair Labor Standards Act.

6. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff is not similarly situated to other members of Plaintiff's proposed class, nor are such proposed class members similarly situated to each other, for purposes of a Fair Labor Standards Act collective action.

7. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff's claims are barred or limited by the de minimus doctrine.

8. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff is estopped from asserting any causes of action or claims against Defendant by virtue of Plaintiff's own conduct in failing to report the hours he now claims compensation for in that Defendant relied on Plaintiff to accurately report his hours worked each week by way of a manual form in which Plaintiff recorded his own time worked each day; that Plaintiff signed each such form immediately below the statement "I certify that all hours recorded are true and correct to the best of my knowledge"; that Plaintiff recorded, and Defendant paid at overtime rates, a significant number of hours over 40 in almost every week of his employment by Defendant; and that much of Plaintiff's work was performed at locations other than Defendant's place of business and Defendant did not know or have reason to know that Plaintiff was claiming to work additional hours beyond what he represented to Defendant.

9. Further answering Plaintiff's First Amended Complaint, Defendant states that Plaintiff has failed to allege facts sufficient to give rise to a claim for liquidated damages.

10. Further answering Plaintiff's First Amended Complaint, in the alternative, Defendant states that any act or failure to act of which Plaintiff complains was done in good faith and that Defendant had reasonable grounds for believing that its act or omission did not violate the FLSA, therefore making the award of liquidated damages inappropriate, as set forth in § 11 of the Portal to Portal Act, 29 U.S. C. § 251 et seq., and specifically 29 U.S. C. § 260, in that Defendant relied on Plaintiff to accurately report his hours worked each week by way of a manual form in which Plaintiff recorded his own time worked each day; that Plaintiff signed each such form immediately below the statement "I certify that all hours recorded are true and correct to the best of my knowledge"; that Plaintiff recorded, and Defendant paid at overtime rates, a significant number of hours over 40 in almost every week of his employment by Defendant; and that much of Plaintiff's work was performed at locations other than Defendant's place of business and Defendant did not know or have reason to know that Plaintiff was claiming to work additional hours beyond what he represented to Defendant.

11. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to the principal activities or incidental to them.

12. Further answering Plaintiff's First Amended Complaint, Defendant's actions or alleged actions do not constitute a willful violation (or any violation) of applicable law. Defendant did not act "willfully" within the meaning of the Fair Labor Standards Act.

13. Further answering Plaintiff's First Amended Complaint, Defendant did not intentionally or knowingly engage in any conduct in violation of the Fair Labor Standards Act nor did it exhibit reckless disregard for the Fair Labor Standards Act's requirements.

14. Further answering Plaintiff's First Amended Complaint, Defendant states that it presently has insufficient knowledge of additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays for judgment in its favor against Plaintiff and for reasonable attorney's fees and costs incurred in connection with the defense of this litigation, and for any other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Adam D. Boland*
**ADAM D. BOLAND**
Texas Bar No. 24045520
aboland@clarkhill.com
**SOÑA RAMIREZ**
Texas Bar No. 24040330
sramirez@clarkhill.com
**CLARK HILL, PLLC**
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000

/s/ *Brian N. Woolley*
**BRIAN N. WOOLLEY**
(Admitted *Pro Hac Vice)*
Missouri Bar No. 32541
brian.woolley@lathropgpm.com
**LATHROP GPM LLP**
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 460-5621

**ATTORNEYS FOR DEFENDANT KRUCIAL STAFFING, LLC**

## CERTIFICATE OF SERVICE

On June 17, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                        */s/ Brian N. Woolley*
                        Adam D. Boland